CHARLIE DORSETT V. STATE.

No. 25658. January 23, 1952.

Hon. Clarence S. Bennett, Judge Presiding.

*L. G. Matthews*, Brownsville, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the theft of two tires alleged to be of the value of $10, and, upon a charge authorizing the assessment of a fine only because of the voluntary return of the property within a reasonable time and before any prosecution was commenced, the jury assessed the punishment at a fine of $200.

The sole question raised is as to the sufficiency of the evidence.

According to the testimony of the owner of the tires, he parked his car shortly after 6 o'clock A.M. and as he walked

away he heard tires squeak, glanced over his shoulder and saw a car parking immediately behind his. He proceeded on his way to the post office but again looked back and noticed the hood or trunk of a car raised. He again walked on but remembering he had two recapped tires in the trunk of his car, again looked, and saw a man loading two tires into the rear seat of the car parked immediately behind his car.

He then started back and saw the car that was parked behind his pull out into the street and recognized appellant, known to him only as "Charlie," as the driver of such car. He called out, "Charlie, wait a minute, I want to talk to you." Appellant waved but did not stop.

Upon reporting the loss of the tires to the police headquarters, it was found that appellant had left the missing tires at the police station saying he had found them in the street.

Appellant testified that he did find the tires in the street and took them to the police. He denied that he removed them from the trunk of the car and was corroborated by a defense witness.

It was shown that appellant's car was similar to that in which the owner left the tires, and that the tires in question would fit appellant's car. If the owner's testimony be accepted, there was no time during which the tires could have been removed before appellant arrived.

The jury accepted the state's version, and the evidence sustains their verdict.

The judgment is affirmed.

Opinion approved by the court.